IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUFACTURERS ALLIANCE INSURANCE COMPANY,<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | Civil Action No. 4:24-cv-441 |
| THE GRAY INSURANCE COMPANY<br>    Defendants | §<br>§<br>§ | |

**PLAINTIFF MANUFACTURERS ALLIANCE  INSURANCE COMPANY'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff Manufacturers Alliance Insurance Company and files this its Original Complaint and would show the following:

**I.
PARTIES**

1.    Plaintiff Manufacturers Alliance Insurance Company ("MAIC") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

2.    Defendant The Gray Insurance Company ("Gray")is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in the State of Texas. Gray may be served by serving its registered agent for service: Robert L. Wallace, at The Portway Plaza Building, 1717 East Loop, Suite 333, Houston, Texas 77029, or wherever he may be found.

**II.
VENUE AND JURISDICTION**

3.    There is complete diversity of citizenship among and between the parties to this civil action because Plaintiff MAIC was incorporated in and has its principal place of business in

Pennsylvania and, thus, is a citizen of Pennsylvania, while Gray was incorporated in Louisiana and has its principal place of business in Texas, and, thus, is a citizen of Louisiana and Texas.  Additionally, the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) as this lawsuit concerns questions of insurance coverage for an underlying injury lawsuit in which the plaintiff therein alleges personal injury damages exceeding $1 Million. Therefore, this Court has diversity jurisdiction under 28 U.S.C. §1332.

4. Venue is proper in this District and Division under 28 U.S.C. 1391(b)(1) because Defendant Gray's headquarters is located in this District and in this Division so that it is deemed to be a resident of this District and Division under 28 U.S.C. 1391(c)(2).

## III.
## FACTS

**A.   Accident and Underlying Lawsuit**

5. On August 18, 2022, Keith Johnson ("Johnson"), a motorist travelling northbound on US Highway 59, was injured when a tire and rim broke off of a southbound trailer and crossed over the median of the highway and struck his vehicle. ("the Accident").

6. Johnson has filed a personal injury lawsuit styled *Keith Allen Johnson v. Donald Doucet, Tony Cook Construction, LLC, CSN Management, L.P., Curtis & Son Companies, LLC, and Curtis & Son Vacuum Service, Inc. d/b/a Curtis and Companies*, Cause No. 2212-16807, pending in the 135th District Court of Jackson County, Texas ("the Underlying Lawsuit").

7. According to both Johnson's Original Petition and First Amended Petition filed in the Underlying Lawsuit, the tire and rim that came loose and hit Johnson's vehicle came off of a trailer that was attached to a truck being driven by Donald Doucet ("Doucet"), a truck driver for Tony Cook Construction, Inc. ("Tony Cook"). According to both Johnson's

Original Petition and First Amended Petition filed in the Underlying Lawsuit, the trailer involved was owned by CSN Management, L.P., Curtis & Son Companies, LLC and Curtis and Son Vacuum Service, Inc. (collectively "Curtis & Son"). According to both Johnson's Original Petition and First Amended Petition filed in the Underlying Lawsuit, Doucet committed various alleged negligent acts and omissions in the course and scope of his employment with both Tony Cook and Curtis & Son. According to both Johnson's Original Petition and First Amended Petition filed in the Underlying Lawsuit, both Tony Cook and Curtis & Son are vicariously liable for Doucet's actions under the respondeat superior doctrine as well as because of Curtis & Son's alleged participation in a joint enterprise with Tony Cook.

8.     The truck that Doucet was operating at the time of the Accident—a 2012 Kenworth with VIN number ending in "6058" was owned by Tony Cook. Tony Cook had borrowed the trailer from Curtis & Son to use in Tony Cook's trucking business and it was being used solely in Tony Cook's trucking business at the time of the Accident.

**The Two Insurance Policies Involved**

9.     MAIC issued a Business Auto liability policy to Curtis & Son under Policy No. 152201-11-68-18-6 covering the policy period of May 31, 2022 to May 31, 2023 and affording $100,000 in liability coverage to Curtis & Son for damages that Curtis & Son becomes legally obligated to pay as damages because of "bodily injury" to which the policy applies and resulting from the ownership, maintenance or use of a covered "auto." (the "MAIC Policy").

10.    Gray issued a Business Auto liability policy to Tony Cook under Policy No. XSAL-100049 covering the policy period of August 13, 2021 to August 13, 2024 and affording

$1 Million in liability coverage to both Tony Cook and others meeting the policy's definition of "Insured" for damages that they become legally obligated to pay as damages because of "bodily injury" to which the policy applies and resulting from the ownership, maintenance or use of a covered "auto." ("the Gray Policy").

11. The truck driven by Doucet is not owned by Curtis & Son and is not a covered "auto" on the MAIC policy.

12. On information and belief, the 2012 Kenworth truck Doucet was driving was owned by Tony Cook and is a covered "auto" under the Gray Policy.

13. The Gray Policy's "Who Is An Insured" provision (contained in its Business Auto Coverage Form-CA 00 01 10 13) provides in subpart 1.b. that persons using covered "autos" owned, hired, or borrowed by Tony Cook, and with Tony Cook's permission, are "insureds" on the Gray Policy. Thus, with respect to the allegations made in the Underlying Lawsuit, Doucet is an "insured" on the Gray Policy because he is alleged to have been driving the Tony Cook owned covered "auto" truck in the course and scope of his employment by Tony Cook.

14. The Gray Policy's "Who Is An Insured" provision further provides in subpart 1.c. that "anyone liable for the conduct of an 'insured' described above" is also an "insured" on the Gray Policy to the extent of that liability. Thus, with respect to the allegations made in the Underlying Lawsuit alleging that Curtis & Son is vicariously liable for Doucet's negligent acts and omissions, Curtis & Son is also an "insured" on the Gray Policy.

15. On information and belief, the Gray Policy's "Other Insurance" provision states that its coverage is primary for any covered "auto" owned by Tony Cook and for any trailer while the trailer is connected to a covered "auto" owned by Tony Cook. Thus, the

Gray Policy's coverage for the truck and trailer involved in the Accident and Underlying Lawsuit is primary coverage.

16. The MAIC Policy's "Other Insurance" provision, conversely, states that its coverage for the trailer is purely excess coverage when that trailer is connected to a motor vehicle that Curtis & Son does not own. Thus, the MAIC Policy's coverage for the trailer is excess since the trailer was connected to the truck owned by Tony Cook.

**Gray's Wrongful Denial of Coverage and Defense to Curtis & Son**

17. By letter dated September 22, 2023, the attorneys representing Curtis & Son in the Underlying Lawsuit sent Gray a copy of Plaintiff's First Amended Petition in the Underlying Lawsuit and demanded that Gray afford coverage and defense to Curtis & Son in the Underlying Lawsuit.

18. To date, Gray has not responded to the demand for coverage and defense made by Curtis & Son. Thus, by ignoring the demands for coverage and defense, Gray has effectively denied defense to Curtis & Son.

19. As a result, MAIC has been and continues to incur expenses in defending Curtis & Son in the Underlying Lawsuit even though the coverage of the MAIC policy is purely excess to that afforded to Curtis & Son as an "insured" under the Gray Policy.

**IV.
COUNT ONE
REQUEST FOR DECLARATORY JUDGMENT ON DUTY TO DEFEND**

20. MAIC incorporates by reference the preceding paragraphs in this Complaint.

21. MAIC seeks a declaratory judgment under 28 U.S.C. §2201 that:

    a) Under the allegations of the Underlying Lawsuit, Gray owed defense to Curtis & Son in the Underlying Lawsuit as of the letter and pleading sent to Gray by Curtis

      & Son's counsel on September 22, 2023 and continues to owe a defense to Curtis & Son in the Underlying Lawsuit; and

    b) That Gray's defense obligation to Curtis & Son, under the terms of the MAIC Policy and the Gray Policy is primary to that of MAIC, with MAIC's defense obligation being purely excess to Gray's; and

    c) That MAIC is entitled by way of equitable and conventional subrogation to the rights of Curtis & Son, to recover all of its defense costs and expenses incurred in defending Curtis & Son in the Underlying Lawsuit from September 22, 2023 forward.

## COUNT TWO
## BREACH OF CONTRACT

22. MAIC incorporates by reference the preceding paragraphs of this Complaint.

23. Gray's failure to respond to Curits & Son's September 22, 2023 request for a defense in the Underlying Lawsuit constitutes breach of the Gray insurance contract.

24. MAIC is entitled by equitable subrogation and conventional subrogation to recover all of the defense costs it has incurred and will incur in the defense of Curtis & Son in the Underlying Lawsuit from Gray as the damages caused by Gray's breach of contract.

25. Additionally, MAIC is entitled to recover its reasonable and necessary attorney fees incurred in bringing this suit against Gray pursuant to Section 38.001, et. seq., Tex. Civ. Pract. & Rem. Code.

## COUNT THREE
## DECLARATORY JUDGMENT ON THE DUTY TO INDEMNIFY

26. MAIC incorporates by reference the preceding paragraphs of this Complaint.

27. MAIC seeks a declaratory judgment under 28 U.S.C. 2201 that:

a) Gray owes a duty to indemnify Curtis & Son for any judgment entered in the Underlying Lawsuit to the extent such judgment is based on Curtis & Son's liability for the conduct of Tony Cook or Doucet; and

b) Gray's duty to indemnify Curtis & Son for any judgment entered in the Underlying Lawsuit is primary, and MAIC's coverage is excess, to the extent such judgment is based on Curtis & Son's liability for the conduct of Tony Cook or Doucet.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Manufacturers Alliance Insurance Company prays that the Court enter declaratory judgments as requested above, and that it recover judgment for its damages and attorney fees as set forth above, and recover its court costs, and such other and further relief as it may show itself justly entitled to.

Respectfully submitted,

_David J. Schubert_
David J. Schubert—Attorney in Charge
State Bar No. 17820800
Southern District Bar No. 10769
E-Mail: DSchubert@SchubertEvans.com
Stephen Burnett
State Bar No. 24006931
Southern District Bar No. 24679
E-Mail: SBurnett@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone: (214) 744-4400
Facsimile: (214) 744-4403

**ATTORNEYS FOR PLAINTIFF MANUFACTURERS ALLIANCE INSURANCE COMPANY**